**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **NILDA FORTES-CORTES,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **ALEJANDRO GARCIA-PADILLA**, *et al.*, <br><br> Defendants | Civil No. 14-1892 (BJM) |

**OPINION AND ORDER**

Nilda Fortes-Cortes ("Fortes"), personally and on behalf of her daughter, DRF, sued Alejandro Garcia-Padilla ("Garcia") in his official capacity as Governor of Puerto Rico, Rafael Roman Melendez ("Roman") in his official capacity as Secretary of the Puerto Rico Department of Education ("DOE"), and the Commonwealth of Puerto Rico. Plaintiffs, having prevailed by settlement in their federal-court action for preliminary and permanent injunctive relief, seek a total of **$26,255.77** in attorney's fees and costs from defendants pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Docket Nos. 74-76. Defendants opposed. Docket No. 85. The case is before me by consent of the parties. Docket No. 40.

**FACTUAL AND PROCEDURAL HISTORY**

DRF is registered with DOE as a student with disabilities. Compl. ¶ 10. DRF has been diagnosed with mental retardation, Down's syndrome, and with specific problems related to her health and education. Compl ¶ 8. DRF resides with her mother in San Juan, Puerto Rico. Compl. ¶ 9.

In December 2014, after almost 10 years of on-going litigation, plaintiffs filed for preliminary and permanent injunctive relief before this court, alleging defendants' refusal to provide DRF with a free appropriate public education, as required by IDEA. 20 U.S.C. § 1400 *et seq*. Compl. ¶ 4. Plaintiffs requested a declaration that defendants violated plaintiffs' federal rights guaranteed by IDEA, an order to immediately provide DRF with appropriate school placement, consolidation of the injunction hearing under Fed. R. Civ. P. 65 (a) (2), and reasonable costs, expenses, and attorneys' fees. Docket No. 1. In September 2015, the parties settled. Docket No. 68. An evidentiary hearing was held later, but limited

to the few issues that were pending and that the parties could not resolve via settlement. Docket No. 69.

## DISCUSSION

Plaintiffs seek attorneys' fees and costs due to them as prevailing parties pursuant to the IDEA. The IDEA permits a district court, in its discretion, to award reasonable attorneys' fees "to a prevailing party who is the parent of a child with a disability," subject to certain limitations. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The fees to be awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded . . ." *Id*. § 1415(i)(3)(C).

Among other restrictions, the court may not award attorneys' fees "relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation" *Id*. § 1415(i)(3)(D)(ii). A preliminary meeting (which precedes the impartial due process hearing required to be held after a complaint has been received) conducted pursuant to § 1415(f)(1)(B)(i) is not "a meeting convened as a result of an administrative hearing or judicial action." *Id*. § 1415(i)(3)(D)(iii). With certain exceptions, the court must reduce the fee award if, *inter alia*, it finds that the parent, or the parent's attorney, unreasonably protracted the final resolution of the controversy; the amount of otherwise-authorized fees "unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience"; or "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." *Id*. § 1415(i)(3)(F).

Plaintiffs' first motion seeks compensation of **$1,071.25** in filing fees, fees for service of summons and subpoena, and cost of special interpretation services under 28 U.S.C. § 1828. Docket No. 74. The second motion, filed with supporting invoices, seeks compensation of **$5,429.52** for additional litigation expenses concomitant of attorneys' fees pursuant to 42 U.S.C. § 1988 and 20 U.S.C. § 1415(i)(3)(B). Docket No. 75. Lastly, the third motion seeks a total of **$19,755.00** in attorneys' fees–$13,475.00 for attorney Juan Rafael González Muñoz and $6,280.00 for attorney Juan Nieves González. Docket No. 76.

Defendants agree that plaintiffs are prevailing parties entitled to compensation. However, they argue that the fees charged are excessive and duplicative because they bill for similar labor by two different attorneys. Docket No. 85. Defendants request a reduction of **$2,290.00.** *Id*. ¶ 6. Defendants' second argument is that the total amount billed for meetings, conferences, and email communications should be reduced by **$307.50**, a reduction of 50%. According to defendants, the descriptions provided by the plaintiffs in the invoice entries lacked specificity in describing the work performed. *Id*. ¶ 9. Also, defendants find excessive the hours billed for reviewing and drafting documents, and legal research, and seek a reduction of **$2,828.00**. *Id*. ¶ 1. Lastly, the defendants ask that the **$2,162.29** expense for translation of documents be denied. *Id*. ¶ 12. Considering all requests for reductions, defendants seek a total deduction of **$7,587.79**. I will address these objections in turn.

*Hours Billed for the Same Labor*

The IDEA requires the court to employ an hourly rate "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished," without using any bonus or multiplier. 20 U.S.C. § 1415(i)(3)(C). There is no dispute over the reasonableness of the hourly rate charged. "Fees are presumptively reasonable where the requesting party has multiplied a reasonable hourly rate by the number of hours reasonably spent on litigation." *Peguero-Moronta v. Gabriel-Santiago*, No. 256 CIV. A. 01-1390 JAF, 2010 WL 1444863, at *1 (D.P.R. Apr. 8, 2010). The lodestar approach is the standard adopted by the First Circuit that allows the trial judge to determine the number of hours reasonably expended in the litigation. *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 293 (1st Cir. 2001). Under the lodestar method, "the judge calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved). *Id*. at 295. Therefore, a district court can find reported hours unreasonable if they are unnecessary. *Colón Vázquez v. Puerto Rico*, 2015 WL 847291, at *2 (D.P.R. 2015). It should be noted that "[e]ffective preparation and presentation of a case often involve the kind of collaboration that only occurs when several attorneys are working on a single issue." *Gay Officers Action League*, 247 F.3d at 297.

After carefully reviewing the hours worked by the attorneys, I disagree with the defendants' arguments. Docket No. 76. The hours billed and detailed in Exhibit 1 – Invoice

– appear reasonable. Docket No. 76-1. I have also reviewed the table prepared by the defendants, and am not persuaded with their argument. The hours billed by attorney Juan R. González Muñoz are for different labor than the hours billed by attorney Juan Nieves González. *See* Exhibit 1, Docket No. 76-1.

***Conferences, Meetings, and E-mails***

A court may adjust the hours to account for time records that are "too generic", causing them to be "insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like." *Colón Vázquez*, 2015 WL 847291, at *2 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The *Grendel's Den* standard requires attorneys to keep contemporaneous and detailed time records, except in extraordinary circumstances. *Grendel's Den, Inc. v Larkin*, 749 F2d 945, 951 (1st Cir. 1984). The plaintiffs are "not required to record in great detail how each minute of his time was expended." *Hensley*, 461 U.S. at 437. They should, however, identify the general subject of the time being billed. *Id.* at 455. The problem with imprecise records is that "they fail to allow [ ] the paying party to dispute the accuracy of the records as well as the reasonableness of the time spent." *Lipsett v. Blanco*, 975 F.2d 934, 938 (1st Cir. 1992) (internal citation and quotation omitted)(alteration in original).

Records will be sufficient and compensable if the subject matter and nature of the tasks are either explicitly stated or readily ascertainable based on other information contained in the records. *Parker v. Town of Swansea*, 310 F. Supp. 2d 376, 392 (D. Mass. 2004). When there is no interrelation between the entries and the dates or surrounding entries, a full account of the task performed will be required. *Walsh v. Boston Univ.*, 661 F. Supp. 2d 91, 106 (D. Mass. 2009). References to telephone calls should not require extensive details to be compensable. *Parker,* 310 F. Supp at 392. A court must be cognizant of the attorney client issue when attorneys are describing a task such as an email or a conference with the client; therefore, if the court can deduce the general reason by examining the date of the task surrounding it, it will be considered reasonable. *Walsh*, 661 F. Supp. 2d at 117.

Defendants argue that the communications via e-mail and conference calls were vague, unnecessary, or duplicative. Docket No. 85. However, they fail to provide the court with evidence to prove that these calls, e-mails and meetings in fact were unnecessary. The

burden is on the unsuccessful party to show circumstances that are sufficient to overcome the presumption in favor of the prevailing party. Charles Alan Wright, *et al.*, 10 Federal Practice & Procedure § 2668 (3d ed., 2015).

After reviewing the time records, I conclude that the hours billed were kept contemporaneously and give sufficient detail regarding the nature of the legal issue being discussed. Exhibit 1, Docket No. 76.

### *Time Drafting and Researching*

In regard to the hours billed by attorneys for drafting and researching, the district court has broad discretion to determine "how much was done, who did it, and how effectively the result was accomplished." *Lipsett*, 975 F.2d at 939 (Citing *Wagenmann v. Adams*, 829 F2nd 196, 224 (1st Cir. 1987)). The number of hours can be reduced to account for excessive hours. *See Spooner v. EEN, Inc.*, 644 F.3d 62, 68 (1st Cir. 2011). Examples of such excesses include spending fifteen minutes reading a single-sentence order, or spending 90 minutes reading short motions and replies. *See Cortes-Reyes v. Salas-Quintana*, 806 F. Supp. 2d 470, 477 (D.P.R. 2011).

Defendants ask this court to reduce the amount for entries related to reviewing documents and conducting legal research, arguing that the amount of hours billed was excessive. However, defendants shed no light as to the length of time it takes other experienced lawyers to perform these tasks. I have reviewed the pleadings at issue, and the hours devoted by the attorneys appear reasonable and are explained with detail in their invoice. *See* Ex. 1-Docket No. 76-1.

### *Document Translations*

Relying on *Taniguchi*, defendants argue that this court should deny the expenses incurred in document translations. Docket No. 85. In *Taniguchi v. Kan Pacific Saipan, Ltd.*, the Supreme Court held that "compensation of interpreters" as used in 28 U.S.C. § 1920 "is limited to the cost of oral translation and does not include the cost of document translation." 132 S. Ct. 1997, 2000 (2012). Plaintiffs, however, do not rely on 28 U.S.C. § 1920. Plaintiffs argue that the translation of documents is a proceeding expense permissible

under 42 U.S.C. § 1988 and 20 U.S.C. § 1415(i)(3)(C). Docket No. 76. The court agrees with plaintiffs that *Taniguchi* does not apply to this request as claimed by defendants. *Colon Vazquez*, 2015 WL 847291 at *1. "[T]ranscription costs may be classified as reasonable out-of-pocket expenses normally billed to the client and, therefore, may be included in costs awarded to a prevailing party under § 1988." *Id.* at *2.

Accordingly, I find that the certified translation costs incurred by plaintiffs were 'reasonable out-of-pocket expenses' that may be included in costs awarded to them as the prevailing party.

## CONCLUSION

For the foregoing reasons, the Motion for Bill of Costs, Docket No. 74, Motion for Cost and Litigation Expenses, Docket No. 75, and Motion for Attorneys' Fees, Docket No. 76, are **GRANTED**. Plaintiffs are awarded **$26,255.77** in costs, fees, and litigation expenses.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 8th day of February 2016.

*S/Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge